## TO ENJOIN ULTRA VIRES ACQUISITION OF CORPORATE STOCK.

Common Pleas Court of Franklin County.

RALPH E. WESTFALL v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY ET AL.

Decided, October 14, 1910.

*Corporations—Situs of Action to Enjoin Railway Merger—Property Rights of Stockholder—Jurisdiction—Corporations—Process.*

1. An action by a stockholder in a railway company to enjoin the acquisition by the company of stock in another railway on the ground that such acquisition would be *ultra vires*, is an action for protection of the property rights of the stockholder, and the company whose stock it is proposed to acquire is not a necessary or proper party.
2. Such an action must be brought in a county having jurisdiction over the company in which the plaintiff is a stockholder.

*Bennett & Westfall, C. Huling* and *W. H. Jones,* for plaintiff. *Doyle & Lewis,* contra.

KINKEAD, J.

This case is submitted upon motions made by the defendants, the Lake Shore & Michigan Southern Railway Company, and the Kanawha & Michigan Railway Company, to quash the service of summons upon them for the reason that the court in this case has no jurisdiction over them.

It is also submitted upon a demurrer to the petition by the defendant, the Toledo & Ohio Central Railway Company, so far as its liability is concerned.

It is urged in support of the motions that the cause of action asserted by the plaintiff is one brought for the protection of his property right as a stockholder of the Lake Shore & Michigan Southern Railway Company; that he has no cause of action on account of the complaints made by him against the Toledo &

Ohio Central Railway Company, which. is the only railroad through whose lines its railway runs.

On the other hand, it is contended by counsel for the plaintiff that this is a proceeding in equity, and that the Toledo & Ohio Central Railway Company, whose stock is alleged to be owned by the Lake Shore, is an indispensable party; and for that reason the action was rightly brought in Franklin county and the summons was properly issued and served upon the Lake Shore in Cuyahoga county.

The determination of the question depends entirely upon the gist of the cause of action asserted by the plaintiff. He brings the action in his own name as a stockholder against the Lake Shore Company. He avers, in substance, that the Lake Shore Company entered into a conspiracy with the Chesapeake & Ohio to avoid a decree rendered by the Circuit Court of Franklin County, adjudging that the Hocking Valley Railway Company be ousted from the power of owning and holding shares of stock in the Kanawha & Michigan Railway Company; that in furtherance of such scheme the Chesapeake & Ohio Railway Company acquired a majority of the outstanding common stock of the Hocking Valley, and the Hocking Valley transferred to the Lake Shore road all the capital stock of the Toledo & Ohio Central previously owned by the Hocking Valley, and that the Hocking Valley transferred to the Lake Shore and to the Chesapeake & Ohio all the capital stock of the defendant, the Kanawha & Michigan Railway Company. It is further averred that the Lake Shore Company placed its own managerial officers in charge of the Toledo & Ohio Central and is now in actual control thereof. It is averred that by reason of this arrangement between the railway companies concerning the stock and the transfers that have been made as herein set out, that there has been effected a virtual consolidation of the Hocking Valley Company and the defendants, the Toledo & Ohio Central Railway Company, the Lake Shore, and the Chesapeake & Ohio, and that all competition between such railroads within the state of Ohio is eliminated and destroyed; that such acquisition by the defendant, the Lake

Shore, of the outstanding capital stock of the Toledo & Ohio Central, and its acquisition in connection with the Chesapeake & Ohio, of the stock of the Kanawha & Michigan Railway Company, is contrary to the laws and settled policy of the state of Ohio. That the Lake Shore Company had no right, power or authority to acquire the outstanding capital stock of the Toledo & Ohio Central or any interest in the stock of the Kanawha & Michigan Railway Company; that the Lake Shore Company does not connect with the Kanawha & Michigan; that the acquisition of such stock as herein alleged is *ultra vires*.

The prayer in the petition is that the Lake Shore road be restrained from acquiring any further interest in the capital stock of the defendant railways or either of them, and from voting any of the stock so acquired, and that they be enjoined from participating in any meeting of the stockholders of the respective companies, and for general relief.

The conclusion is irresistible that the gist of the complaint of the plaintiff is an alleged injury to his property rights as a stockholder by reason of the unlawful acts of the Lake Shore Company in acquiring the capital stock of the Toledo & Ohio Central Railway and the Kanawha & Michigan Railway. It would seem to make no difference as to what the purpose or object of the acquisition of such stock was, whether it was to control the Toledo & Ohio Central and Kanawha & Michigan roads for its own benefit alone, or whether it was to effect a virtual consolidation of the roads which were formerly involved in the Hocking Valley *quo warranto* suit. Having given the question of the cause of action in a case like this very earnest and careful consideration, in *Manington* v. *Railway*, 9 N. P., 641, and having reached the conclusion there that the action was brought by the stockholders for the express purpose of relying upon a property right, I can come to no other conclusion in this case than that the whole basis and ground of action asserted by the plaintiff is to restrain the Lake Shore Company from engaging in illegal acts by expending its funds in the purchase of stocks in other railways contrary to law or in entering into alleged

schemes and conspiracies with other railways to accomplish illegal or unlawful objects for the purpose of preventing a diversion of the funds of the railway company thereby resulting in an injury to his rights as a stockholder. The fact that this is an equity case, and that interests of other persons connected with the other railways, and of other railway corporations may be indirectly involved, has no material bearing so far as the cause of action is concerned. The rule is well settled in *Allen* v. *Miller*, 11 Ohio St., 374, and *Drea* v. *Carrington*, 32 Ohio St., 595, that the person or party who is served in the county where the action is brought must have a substantial interest in the controversy; and in an equity case the defendant in the jurisdiction where the action is brought must be a necessary and indispensable party.

I do not regard the Toledo & Ohio Central Railway Company as having any interest whatever in the cause of action asserted by the plaintiff, nor is it a necessary and indispensable party. The only relief invoked, or that can be granted in this action against the one party sought to be held on the cause of action asserted, is to restrain it from doing the illegal and unlawful acts alleged in the complaint. While in the order that may be made in the case, providing the action is brought in a proper jurisdiction, might affect, in some way, the other railway companies, that would be no concern of the court in dealing with the question of the powers of the Lake Shore road in investing its funds and in protecting the rights of a stockholder. The case of *Minnesota* v. *Northern Securities Co.*, 184 U. S., 199, cited by counsel for the plaintiff, and so strongly urged upon the court, is clearly distinguishable from the cause of action here asserted, and not at all applicable. That case was a bill in equity against the Northern Securities Company, which was a corporation organized under the laws of New Jersey, and was a citizen of that state. It was organized for the purpose of holding the stocks of the Great Northern and Northern Pacific Railway companies, which latter railways were subject to the jurisdiction of the courts of the state of Minnesota. The action was brought in the

name of the state and sought to prevent, by injunction, a corporation organized under the laws of another state, with power to acquire and hold shares of the capital stock of any other corporation, from obtaining and exercising ownership and control of two or more competing railroad companies so as to evade and defeat the laws and policies, adopted by the state of Minnesota, forbidding the consolidation of such railroads when parallel and competing. It was said by the court in that case that if the proper parties were before the court, that it would have jurisdiction over the matters complained of in that case. The Northern Securities Company, being a holding company and having the stocks of the other companies in its possession, the subsidiary companies were naturally interested in an action so comprehensive in its nature as that asserted by the state of Minnesota and which was brought for the purpose of preventing an evasion of the laws of that state. If the action had been maintained successfully, it would have accomplished precisely the same purposes that might have been accomplished by a proceeding in *quo warranto*.

The case can have no bearing whatever upon the question involved here. The plaintiff in this case may make claims such as are made here, that the defendant, the Lake Shore, is committing acts of an *ultra vires* character, entering into schemes and conspiracies to evade the laws and general policy of the state, but such claims are made and can be made only for the express purpose of reflecting upon the property rights asserted by the plaintiff. The case of *Pearsall* v. *Railway*, 161 U. S., 646, is more nearly in point with the questions before us. Pearsall, a stockholder in the Great Northern Railway, brought a suit against the company, on his own behalf and all stockholders similarly situated, to enjoin it from entering into and carrying out a certain agreement between that company and the holders of bonds secured by the second and third general mortgages, and the consolidated mortgage of the Northern Pacific Railroad Company, under which, upon a sale and foreclosure of the mortgages given to secure such bonds, the holders were to purchase or cause

to be purchased the property and franchises of the Northern Pacific Railroad Company. In that case the Northern Pacific Railroad Company was not made a party, and the relief prayed for was granted by the judgment of the Supreme Court without the presence of the Northern Pacific. The judgment so rendered would affect that road in no different manner than would the judgment rendered in this case if the court had jurisdiction.

For the reasons stated, the conclusion reached is that the motions made by the Lake Shore & Michigan Southern Railway Company, and the Kanawha & Michigan Railway Company to quash the summons upon them for want of jurisdiction are well taken, and the same are sustained.

The same reasons make it plain that the petition presents no cause of action against the Toledo & Ohio Central Railway Company, and the demurrer interposed by it is sustained, and the action is dismissed.